AUTORIDAD DE LAS FUENTES FLUVIALES DE PUERTO RICO, peticionaria, *v.* CORTE DE DISTRITO DE BAYAMÓN, HON. FERNANDO GALLARDO DÍAZ, JUEZ, demandada.

Núms. 1655, 1656 y 1657.—*Sometidos:* Noviembre 4, 1946.
*Resueltos:* Enero 23, 1947.

*Gabriel Guerra Mondragón, C. Domínguez Rubio, José Vila Ruiz* y *Antonio M. Bird,* abogados de la peticionaria; *E. Martínez Rivera* y *Luis Blanco Lugo,* abogados de los interventores, demandantes en los pleitos principales.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

La Autoridad de las Fuentes Fluviales de Puerto Rico radicó ante esta Corte tres solicitudes de *certiorari,* las cuales, por envolver hechos idénticos y una misma cuestión legal, serán resueltas con una sola opinión.

Fernando Acevedo radicó demanda ante la corte de distrito de Bayamón contra la Autoridad de Fuentes Fluviales, reclamando la suma de $15,000 como daños y perjuicios por la destrucción por incendio de una casa de su propiedad. Alegó que el incendio fué producido por la corriente eléctrica que la demandada trasmitió para darle a los inquilinos de dicha casa servicio de luz y fuerza; y que el siniestro tuvo como única causa el descuido y negligencia de la demandada al mantener sus líneas de trasmisión con equipo malo y defectuoso y sin la debida supervisión.

Antes de contestar la demanda, la demandada radicó una moción solicitando especificaciones sobre: (*a*) si la casa estaba asegurada, cantidad del seguro y nombre del asegurador; (*b*) materiales con que fué construída la casa; (*c*) nombres de los inquilinos y rentas pagadas por cada uno; (*d*) forma en que la fuerza eléctrica ocasionó el incendio; cuál era el equipo defectuoso, y en qué consistió la falta de vigilancia y supervisión y la negligencia por parte de la demandada. La corte declaró con lugar la moción en cuanto a la especificación de los nombres de los inquilinos y las rentas pagadas; y sin lugar en cuanto a las demás especificaciones solicitadas.

Habiendo el demandante suministrado las especificaciones ordenadas por la corte, la demandada contestó la demanda negando los hechos esenciales de la misma y alegando varias defensas especiales. Con posterioridad a la radicación de su

contestación, la demandada radicó ante la corte inferior un escrito titulado "interrogatorio al demandante", por el cual se requiere al demandante para que conteste bajo juramento las mismas preguntas contenidas en la moción sobre especificaciones, declarada sin lugar por la corte, y, además: (*a*) que suministre los nombres, direcciones y domicilio de los testigos y peritos de que intente valerse para justificar su demanda y cuáles testigos utilizará para cada una de sus alegaciones; (*b*) si tiene fotografías o películas de la casa, tomadas antes o después del siniestro, que suministre el nombre y la dirección del fotógrafo y la fecha en que fueron tomadas; y (*c*) nombre y dirección de la persona que hizo la instalación eléctrica en la casa destruída.

Se opuso el demandante, alegando (1) que la información que se requiere es inmaterial e irrelevante; (2) que la moción de la demandada es un "fishing expedition", cuyo único propósito es dilatar y entorpecer el procedimiento; (3) que los informes solicitados están dentro del mejor conocimiento de la demandada, por ser de carácter técnico y, además, por estar bajo el control de la demandada las instrumentalidades que motivaron el incendio; y (4) porque la información que se solicita respecto a la alegación de negligencia es y fué materia de especificación de particulares.

En abril 12, 1946 la corte inferior dictó su resolución ratificando la dictada el 18 de enero de 1946, por la cual declaró sin lugar la moción sobre especificación de particulares, y declarando con lugar el interrogatorio en cuanto a lo referente al nombre y dirección de la persona que hizo las instalaciones eléctricas en la casa.

Acudió la demandada ante esta Corte Suprema en solicitud de un auto de certiorari para la revisión de la citada resolución de abril 12 de 1946. El día 24 del mismo mes la solicitud fué declarada sin lugar por entender el Tribunal que la corte inferior no tuvo una oportunidad adecuada de resolver la cuestión planteada, por no habérsele informado

que en la vista del 12 de abril se trataba de algo distinto a lo que se había resuelto en enero 18 de 1946; y que la demandada, al no informar a la corte adecuadamente, permitió que ésta creyera que se trataba sencillamente de la reproducción de una solicitud que ya había sido denegada. La demandada solicitó entonces la reconsideración de la resolución de abril 12, 1946, y al serle denegada acudió ante esta corte mediante la solicitud de certiorari que estamos considerando.

Sostiene la peticionaria que el error de la corte inferior consiste en haber resuelto el incidente sobre la oposición del demandante a los interrogatorios, como si se tratara de una nueva moción sobre especificaciones de particulares.

La regla 12, párrafo (e) de las Reglas de Enjuiciamiento Civil, dispone que antes de contestar una alegación "cualquier parte podrá solicitar una exposición más definida o una especificación de particulares de cualesquier asuntos que no se aleguen con suficiente exactitud o particularidad para poder formular adecuadamente su alegación responsiva". Se dispone, además, que "una especificación de particulares se convierte en parte de la alegación que complementa".

El propósito fundamental de la citada Regla 12(e) es el de suministrar a la parte obligada a contestar una demanda o reclamación todos los datos y pormenores relacionados con y pertinentes al caso, para que dicha parte pueda preparar una alegación responsiva.

La Regla 33 de las de Enjuiciamiento Civil dispone que "Una parte litigante podrá notificar y entregar a cualquiera parte adversa interrogatorios por escrito para ser contestados por la parte así notificada"; que "los interrogatorios serán contestados por separado y totalmente, por escrito y bajo juramento"; que "las objeciones a cualesquiera interrogatorios podrán presentarse a la Corte dentro de diez días después de la notificación y entrega de los mismos"; y

que "las contestaciones serán diferidas hasta que las objeciones sean resueltas, lo que se hará dentro del plazo más breve posible".

La jurisprudencia de las cortes federales interpretativa de las citadas reglas 12(e) y 33, establece la siguiente distinción entre los fines y propósitos de una y otra:

"Una de las distinciones fundamentales entre la Regla 12(e), 28 U.S.C.A. siguiendo a la Sección 723c, que provee para un pliego de especificaciones, y la Regla 33 que provee sobre los interrogatorios, es que de acuerdo con esta última una parte litigante puede buscar el descubrimiento de hechos, los cuales pueden más tarde ser incorporados a los autos como evidencia, mientras que de acuerdo con la primera una parte solamente puede con propiedad buscar el descubrimiento de datos que van a formar parte de las alegaciones, y que son necesarios para que la parte que los solicita pueda preparar debidamente su contestación, o prepararse para el juicio."

*Sure-Fit Products Co.* v. *Med-Vogue Corp.*, 28 Fed. Supp. 489, 490.

"La Regla 12(e) permite a la parte promovente requerir a la otra parte para que defina los puntos en controversia (*issues*) con cuanta ~ ?.ticularidad fuere necesaria. La Regla 33, por otro lado, permite a la parte promovente solicitar pruebas. Los informes suministrados bajo la Regla 33 pueden convertirse en parte del récord de la vista; los informes suministrados de acuerdo con una moción bajo la Regla 12(e) se convierten en parte de las alegaciones."

*Adams* v. *Hendel,* 28 Fed. Supp. 317, 318.

Véase: 1 Moore's *Federal Practice,* 657 y casos allí citados.

 El interrogatorio al demandante fué formulado y notificado al demandante con posterioridad a la radicación de la contestación. El primer párrafo dice así: "De acuerdo con la Regla núm. 33 de Enjuiciamiento Civil para las cortes de Puerto Rico, la demandada le requiere para que conteste bajo juramento el siguiente interrogatorio:". Se trata, pues, de un interrogatorio formulado con el propósito de descubrir pruebas y no de una moción sobre especificación de particulares.

La Regla 33, como todas las demás, debe ser interpretada en forma tal que garantice una solución justa, rápida y eco-

nómica de la acción que se ejercita. Dicha regla reconoce el derecho de toda parte litigante a requerir a la parte contraria para que conteste por separado, totalmente y por escrito los interrogatorios que le sean notificados y entregados. La regla no contiene limitación alguna de ese derecho. Las decisiones federales sostienen unánimemente que la Regla 33 debe ser interpretada con la misma liberalidad que la Regla 26, la cual provee en su apartado (b) que "el deponente podrá ser examinado con relación a cualquier asunto, no privilegiado, que fuere pertinente a la cuestión envuelta en la acción pendiente".

Hemos examinado con detenimiento todas y cada una de las preguntas contenidas en el interrogatorio notificado al demandante. Ninguna de ellas es de carácter privilegiado, ni tampoco tan claramente impertinente que pueda justificar la resolución de la corte no permitiendo el interrogatorio. Por el contrario, si la casa destruída estaba o no asegurada; si dicha casa era de madera o de cemento o mixta; la forma en que el incendio fué ocasionado; en qué consistió la alegada negligencia de la demandada; cuál era el equipo de la demandada que estaba defectuoso; y en qué consistía la falta de vigilancia y supervisión de la demandada, son hechos, a nuestro juicio, pertinentes a la cuestión envuelta en la acción pendiente. Los interrogatorios no constituyen evidencia hasta que son ofrecidos y admitidos como tal en la vista del caso. La corte tiene autoridad para rechazarlos en todo o en parte cuando a su juicio sean inmateriales, irrelevantes o no pertinentes a la causa de acción. Los interrogatorios no deben ser eliminados por el fundamento de ser irrelevantes, ya que la corte ante la cual se celebra la vista puede excluir las contestaciones y no admitirlas como evidencia cuando resultaren ser irrelevantes. *Patterson Oil Terminals* v. *Charles Kurz & Co., Inc.*, 9 Federal Rules Service 33.321, Case 2 (D. C. Pa. 1945). Si las cuestiones envueltas en el caso no son claras, es preferible permitir que el interroga-

torio sea contestado en vez de denegarlo y descubrir más tarde que la evidencia que se trataba de obtener era relevante. *Bowles* v. *Keller Glove Mfg. Co.*, 4. F.R.D. 450, 451 (D. C. Pa. 1945), *Bloomer* v. *Sirian Lamp Co.*, 4 F.R.D. 167.

■ Las Reglas de Enjuiciamiento Civil permiten las llamadas "expediciones de pesca". *Boysell Co.* v. *Hale*, 30 F. Supp. 255; *Byers Theaters* v. *Murphy*, 1 F.R.D. 286; *Gutowitz* v. *Pa. R. Co.*, 9 Fed. Rules Service 33.321, Case 1; 2 Moore's *Federal Practice*, 2620–2621. Como dice el tratadista Holtzoff:

"Como cuestión de justicia, si parece existir una razonable probabilidad o aún posibilidad de que hayan peces en el estanque, no existe razón alguna para que no se permita al litigante que trate de atraparlos. Una actitud liberal en cuanto a este punto promoverá los fines de la justicia."

Holtzoff, *Instruments of Discovery Under Federal Rules of Civil Procedure*, 41 Mich. L. Rev. 205, 6 Fed. R. Serv. 864.

■■ El propósito de las reglas sobre descubrimiento de pruebas, es obtener admisiones de la parte contraria para limitar así los hechos en controversia y evitar la necesidad de llevar al juicio numerosos testigos. Es por esa razón que se ha sostenido que porque una parte tenga conocimiento de ciertos hechos no se le debe impedir que interrogue a la parte contraria sobre esos mismos hechos.(¹)

Es cierto que las cortes tienen y deben tener amplia discreción para decidir si un interrogatorio es o no procedente; y que las cortes de apelación sólo deben intervenir en aquellos casos en que se trate de un abuso en el ejercicio de esa discreción.

Lo resuelto en el caso de *Pierce* v. *Pierce*, 5 F.R.D. 125 (D. C. Feb. 27, 1946) es aplicable al caso de autos:

"Uno de los propósitos de los interrogatorios es reducir el número de controversias y permitir a la parte que interroga cerciorarse

---

(¹)*Benevento* v. *A. & P. Food Stores, Inc.*, 26 Fed. Supp. 424. *Coca-Cola Co.* v. *Dixi-Cola—Laboratories*, 30 F. Supp. 275. *Samuel Goldwyn, Inc.* v. *United Artists Corp.*, 35 F. Supp. 633. 2 Moore's *Fed. Practice*, 2617–2618.

precisamente de aquello con que tendrá que confrontarse en el juicio. Este propósito quedó cumplido con los interrogatorios envueltos en esta ocasión. Por esta razón parecen·ser correctos. El mero hecho de que el demandado haya radicado una contestación, negando las alegaciones de la demanda, no es razón para que se le prive de obtener las especificaciones requeridas por los interrogatrios, porque en la preparación para el juicio él tiene derecho a saber precisamente qué es lo que se le va a presentar.

''Hace algún tiempo yo denegué una moción para un pliego de especificación de particulares, en la que se pedían los mismos informes, porque el peso de las autoridades sostiene que la especificación de particulares no debe ser ordenada con el propósito de ampliar o especificar detalles de alegaciones hechas en la demanda, si ésta expone una causa de acción contra la cual el demandado puede presentar una contestación. La razón para que no se permitan los pliegos de especificaciones bajo tales condiciones es que las mociones sobre especificación de particulares tienen un efecto dilatorio. Las cortes han sostenido repetidamente que informes de la clase de los que aquí se piden deben ser requeridos mediante el procedimiento para descubrir pruebas, después que las alegaciones hayan quedado perfeccionadas.''

 ''&ast; &ast; &ast; &ast; &ast; &ast; &ast;

''Entre los propósitos y objetivos de las Reglas Federales de Enjuiciamiento Civil figuran la eliminación del elemento de sorpresa y la reducción de los puntos en controversia para el juicio.''

La peticionaria tenía derecho, como parte demandada, a solicitar y obtener los nombres y direcciones de los testigos del demandante, de acuerdo con la Regla 33 y la Regla 26(b) que reconoce el derecho a descubrir la identidad y residencia de las personas que tienen conocimiento de hechos relevantes. 2 Moore's *Fed. Practice,* 2621; *Whitkop* v. *Baldwin,* 1 F.R.D. 169; *Greden* v. *Central R. Co.,* 1 F.R.D 168.

En el caso de *Hickman* v. *Taylor,* resuelto en enero 13 de 1947,\_\_\_U.S.\_\_\_la Corte Suprema de los Estados Unidos en una extensa e interesante opinión interpreta las Reglas 26 a 37 de las Reglas Federales de Enjuiciamiento Civil, señalando el alcance y limitaciones de las mismas. Recomendamos a la profesión la lectura de dicha opinión, así como la concu-

rrente del Juez Jackson, pues en ellas se establecen las normas a seguir en la aplicación de las reglas referentes a deposiciones, interrogatorios y producción de documentos.

Somos de opinión que las preguntas contenidas en el interrogatorio formulado por la peticionaria son procedentes y que la corte recurrida abusó de su discreción al no permitir dicho interrogatorio.

*La resolución recurrida debe ser anulada y el caso devuelto a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*