DELFÍN RODRÍGUEZ, peticionario, *v.* CORTE DE DISTRITO DE MAYAGÜEZ, HON. R. RAMÍREZ PABÓN, JUEZ, demandada.

Núm. 1701.—*Sometido:* Noviembre 3, 1947. *Resuelto:* Noviembre 14, 1947.

*Ildefonso Freyre,* abogado del peticionario; *A. Ramírez Silva,* abogado del interventor, demandado en el pleito principal.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Expedimos el auto en este caso para revisar una resolución de la Corte de Distrito de Mayagüez ordenando al peticionario, demandante en una acción de daños y perjuicios ante la corte inferior, a contestar unos interrogatorios solicitados por .el demandado, *antes* de haber éste contestado la demanda.([1]) La corte basó su decisión en el caso .de *Autoridad de Fuentes Fluviales* v. *Corte,* 66 D.P.R. 844.

La Regla 33 de las de Enjuiciamiento Civil dispone, en lo pertinente, que:

"Una parte litigante podrá notificar y entregar a cualquiera parte adversa interrogatorios por escrito para ser contestados por la parte así notificada. . . Los interrogatorios serán contestados por separado y totalmente, por escrito y bajo juramento. ... Las objeciones a cualesquiera interrogatorios podrán presentarse a la corte dentro de diez días después de la notificación y entrega de los mismos, con notificación como en el caso de una moción; y las contestaciones serán diferidas hasta que las objeciones sean resueltas, lo que se hará dentro del plazo más breve posible. Ninguna parte podrá, sin permiso de la corte, someter más de un cuestionario para ser contestado por la misma parte."

Es cierto que la Regla 33 no dispone expresamente en qué momento es que pueden solicitarse interrogatorios. Empero, estudiando esta cuestión bajo el sistema federal, de

---

([1])Ya el demandante había rendido un pliego de especificaciones solicitado por el demandado y ordenado por la corte.

donde proceden nuestras reglas, notamos que Moore, en sus comentarios a dicha regla, dice lo siguiente:

"La Regla 33 no dice cuándo es que las partes pueden notificarse entre sí interrogatorios escritos. Toda vez que el descubrimiento permitido bajo la Regla 33 tiene tanto alcance como el descubrimiento por deposición, los motivos para las disposiciones en cuanto a términos de la Regla 26(a) con respecto a la toma de deposiciones, parecen ser aplicables a la notificación de interrogatorios bajo la Regla 33. En ambos casos es aconsejable que las cuestiones sean suscitadas por las alegaciones, antes de darle a las partes el derecho a un descubrimiento ilimitado, evitando con ello descubrimientos innecesarios en cuanto a cuestiones que no se dilucidarán. Por tanto, como cuestión de derecho cualquier parte puede notificar un interrogatorio, sin permiso de la corte, a cualquier parte contraria *después* de haberse radicado la contestación. *Si por algún motivo meritorio una parte desea notificar un interrogatorio a una parte contraria antes de radicarse la contestación, pero después de adquirirse jurisdicción sobre tal parte contraria o sobre la propiedad objeto de la acción, debe pedir permiso a la corte para así hacerlo.* La discusión anterior en relación con las disposiciones en cuanto a términos provistos en la primera oración de la Regla 26(a), es aplicable a la notificación de interrogatorios bajo la Regla 33." (Bastardillas nuestras.) 2 Moore *Federal Practice* 2621.

La discusión anterior a que hace referencia Moore es la siguiente:

"La Regla 26(a) dispone (1) que cualquier parte puede tomarle deposición a cualquier persona, ya sea ésta parte o no en el procedimiento, después de haber la corte adquirido jurisdicción sobre cualquier demandado o sobre alguna propiedad que fuere objeto de la acción y antes de que se radique la contestación, *solamente con permiso de la corte;* y (2) que cualquier parte puede tomarle deposición a cualquier persona, ya sea ésta parte o no en el procedimiento, después de radicada la contestación, *sin permiso de la corte.* El propósito de permitir a las partes que tomen deposiciones como cuestión de derecho solamente después de radicada la contestación, es tratar de que se concreten suficientemente las cuestiones envueltas para evitar interrogatorios innecesarios sobre cuestiones no controvertidas por la contestación. En su consecuencia, si el demandante tuviera el derecho de tomar las deposiciones tan pronto como el demandado fuera emplazado, pero antes de que éste radicará la contestación, el interro-

gatorio por deposición podría resultar en molestias innecesarias y contratiempos para el demandado, ya que el interrogatorio podría estar relacionado con una alegación de la demanda que el demandado pensaba admitir en su contestación. Por otro lado, podrían surgir situaciones que justificaran la toma de una deposición por el demandante o el demandado antes de radicarse la contestación, tales como cuando un testigo está próximo a salir del distrito, o tiene una edad avanzada, está muy débil o enfermo. La Regla provee para tal situación permitiendo al demandante o al demandado o a ambos, tomar las deposiciones antes de radicarse la contestación, después de obtener permiso de la corte.'' (Bastardillas nuestras.) Moore, ob. cit. 2463.

Creemos que siendo similar la finalidad perseguida por las reglas 33 y 26(a), es decir, obtener prueba para ser utilizada durante el juicio, la regla general, recomendada por Moore debe prevalecer. Si no se alega que existe un motivo especial para que los interrogatorios sean contestados antes de haberse radicado la contestación a la demanda, la corte no debe ejercitar su discreción concediendo permiso para hacerlo. Debe alegarse y probarse que existe una razón poderosa que justifique cambiar el procedimiento normal. En el caso de autos el demandado en su moción a la corte solicitando se ordenara al demandante contestar los interrogatorios no alegó motivo o razón alguna para que esto se hiciera sin haber, previamente, el demandado contestado la demanda.

El caso de Autoridad de *Fuentes Fluviales* v. *Corte*, supra, no sostiene la resolución recurrida. Más bien milita en su contra si se toman en consideración los casos citados a la página 849 interpretando el alcance de las reglas 12(e) y 33.

El fin que persigue la Regla 33, supra, es autorizar a las partes a obtener prueba que pueda ser admitida o no el día del juicio y, por lo tanto, no procede, de ordinario, conceder permiso para que se contesten interrogatorios antes de que la parte demandada haya contestado la demanda y la controversia en el caso haya sido establecida. Como excepción, sin embargo, se podrá conceder dicho permiso cuando se alegue y pruebe que existe un motivo que lo justifique.

*Debe anularse la resolución recurrida.*