LONG CORPORATION, peticionaria, *v.* TRIBUNAL DE DISTRITO DE PUERTO RICO, SECCIÓN DE SAN JUAN, demandado; SEGUNDO MAS, interventor.

Núm. 1874.—*Sometido:* Diciembre 1, 1950.  *Resuelto:* Enero 19, 1951.

*Luis Blanco Lugo,* abogado de la peticionaria; *Eladio Rodríguez Otero* y *Marcos A. Ramírez,* abogados del interventor, demandante en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

El demandante en el pleito principal, aquí interventor, requirió a la demandada para que contestara un interrogatorio en el cual, entre otras cosas, solicitaba la siguiente información:

"Los nombres de los testigos, sin excepción, que van a ser utilizados por la demandada en la vista del presente caso con sus respectivas direcciones y qué extremos piensa probar con la declaración de cada uno de ellos."

La demandada contestó el interrogatorio excepto en lo que respecta a la pregunta antes transcrita, a la cual objetó sosteniendo que bajo las Reglas de Enjuiciamiento Civil, la parte de quien se solicita la contestación de un interrogatorio no viene obligada bajo las Reglas 26(b) y 33 a suministrar los nombres y direcciones de los testigos que se propone utilizar, ni los extremos que intente probar con cada testigo; que la obligación que le imponen dichas reglas a este respecto, está circunscrita a suministrar los nombres y las direcciones de las personas que tengan conocimiento de los hechos pertinentes del caso.

La corte inferior desestimó la objeción y ordenó a la demandada que procediera a contestar la referida pregunta. Denegada la reconsideración solicitada por la demandada, instó ésta el presente recurso, en el que suscita las siguientes cuestiones: (a) si la demandada viene obligada a suministrar los nombres y direcciones de los testigos que se propone utilizar; y (b) si es su deber exponer lo que intenta probar con cada testigo.

I

La primera de las cuestiones planteadas no es nueva en esta jurisdicción. En *Autoridad de Fuentes Fluviales* v. *Corte,* 66 D.P.R. 844, 852, resolvimos que una parte

tiene derecho a que la contraria le suministre una lista conteniendo los nombres y direcciones de los testigos que se propone utilizar. Esta obligación surge de lo dispuesto en la Regla 26(*b*) al efecto de que la parte de quien se solicitare deberá suministrar los nombres y direcciones de las personas que tuvieren conocimiento de los hechos pertinentes del caso. La jurisprudencia sobre este punto está dividida en los Estados Unidos. Al optar nosotros por la regla que enunciáramos en *Autoridad de Fuentes Fluviales* v. *Corte*, supra, seguimos la interpretación que diera el tratadista Moore a la Regla 26(*b*) en relación con la 33; 2 Moore's *Fed. Practice* págs. 2474–75, y 2620 doctrina que se expone con más precisión en la segunda edición de la citada obra, tomo 4, págs. 1075–1081.

Claro está que la parte que suministre la lista de sus testigos no está en la obligación de utilizarlos a todos, si a su juicio puede prescindir del testimonio de alguno o algunos de ellos, siempre que con razonable antelación lo notifique a la parte contraria, para si lo estima conveniente pueda en su oportunidad citarlos como testigos suyos. En tales circunstancias no surge la presunción de que de haber sido llamados dichos testigos por la parte que renunció a sus declaraciones éstas le hubieran sido adversas, sencillamente porque dichos testigos podrían ser llamados a declarar por la otra parte. De igual manera, la parte que suministre la lista no está impedida de utilizar otros testigos que no aparezcan en la misma, si la existencia de tales testigos o la pertinencia de sus declaraciones, surge después de contestado el interrogatorio y siempre que oportunamente se notifique a la parte contraria la intención de utilizarlos, o aun sin tal notificación, cuando las circunstancias lo justifiquen.

## II

La segunda cuestión es nueva en esta jurisdicción, pero el propio Moore a pesar de que sostiene como hemos visto el derecho de una parte a que se le suministre los nom-

bres y direcciones de los testigos que la parte contraria se propone utilizar, no va más lejos en esa materia y opina, con razón a nuestro juicio, que no hay derecho a exigir que se informe lo que la parte se propone probar con cada uno de dichos testigos. Como dijera el juez Taft mientras ocupaba un puesto en la judicatura de Ohio, los testigos no son patrimonio exclusivo de una de las partes, pero esto no significa que la que se propone utilizar determinado testigo venga obligada a indicar a la contraria qué parte de su caso intenta probar con su declaración. Moore's *Fed. Practice,* supra. El obligar a suministrar tal información invadiría el derecho del abogado a mantener secreto el plan que se propone seguir al conducir su caso. *Cf. Hickman v. Taylor,* 329 U. S. 495.

*Procede por lo expuesto anular la orden recurrida, solamente en cuanto ordena a la demandada, aquí peticionaria, que informe al demandante los extremos que se propone probar con cada uno de sus testigos.*

*Devuélvanse los autos a la corte inferior para ulteriores procedimientos consistentes con esta opinión.*

El Juez Asociado Sr. Snyder no intervino.