CARLOS ZARAGOZA y su esposa CONCEPCIÓN DIFFUT, peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE BAYAMÓN, HON. F. GALLARDO DÍAZ, JUEZ, demandado; CLÍNICA HERMANOS MELÉNDEZ, INC., interventora.

Número 2117.

*Sometido:* 1 de junio de 1955. *Resuelto:* 29 de junio de 1955.

*Luis Blanco Lugo* y *Gilberto Ramírez Velazco,* abogados de los peticionarios; *Charles R. Hartzell, Rafael O. Fernández, P. Juvenal Rosa, José L. Navas, Vicente M. Ydrach* y *Jaime Pieras, Jr.,* abogados de la interventora, demandada en el pleito principal.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del Tribunal.

Carlos Zaragoza y esposa instaron ante el Tribunal Superior de Puerto Rico, Sala de Bayamón, demanda de daños y perjuicios contra la Clínica Hnos. Meléndez, Inc. Se fundaron en que la esposa demandante fué sometida a una operación quirúrgica en la clínica demandada en Bayamón y debido a la negligencia de las empleadas de ésta el brazo derecho de dicha demandante ha quedado parcialmente paralizado desde entonces. Luego de solicitarse interrogatorios por una y otra parte, de contestarse los mismos, al igual que la demanda, negando los hechos esenciales de la misma y levantando ciertas defensas especiales, los demandantes requirieron al Dr. Gustavo Bergnes, a Rosa Ortiz y a la Srta. Villalba (sic) empleados de la clínica demandada, para que comparecieran a las oficinas de uno de los abogados de los demandantes para la toma de deposiciones, trayendo consigo ciertos documentos relacionados con la operación de la esposa demandante. La demandada se opúso a la toma de esas deposiciones y aunque originalmente el tribunal a quo autorizó las mismas, más tarde, luego de celebrar una vista, declaró sin lugar la moción de los demandantes solicitando las deposiciones. Presentada moción de reconsideración la misma fué declarada sin lugar. Conforme se desprende del récord taquigráfico que tenemos ante nos los motivos que tuvo el tribunal a quo para actuar en la forma en que lo hizo fueron los siguientes:

"Las reglas se hicieron para simplificar los procedimientos; para hacer los casos lo más breve posible; y para lo más rápido

posible terminarlos. Y resulta que nos estamos metiendo dentro del ridiculismo. Y estamos evitando que estas reglas funcionen para llevar a cabo el fin para que fueron hechas. Se trata de tomarles deposiciones a gente que está aquí, al lado mío, para ver si se puede buscar la manera de tachar su veracidad el día del juicio.([1]) Esta gente tiene que venir a declarar aquí; porque yo debo oírla y verla declarar aquí.

"La práctica me ha demostrado que casi todos los interrogatorios son expediciones de pesca, (perdón a Cervantes). En verdad que de tal manera se están complicando estas Reglas que lo que hacen es dilatar los procedimientos. Ya en los Estados Unidos los mismos abogados que estaban en favor de estas Reglas están dando para atrás en cuanto a algunas de sus disposiciones. Están complicando y dilatando más los procedimientos. Yo tengo un libro de un abogado americano, William Seagle, que critica, precisamente, esa situación. El Juez debe usar del poder discrecional que tiene para evitar que los abogados dilaten los procedimientos a través de las Reglas.

" . . . . . . .

"La Corte, dentro de su poder discrecional, deniega la toma de estas deposiciones y ordena que este caso se incluya para vista en el calendario del próximo mes de julio. Yo veo el caso y a las veinticuatro horas estará la sentencia dictada en el mismo."

A solicitud de los demandantes expedimos un auto de *certiorari* para revisar la resolución denegatoria de las referidas deposiciones. Los peticionarios sostienen que el tribunal recurrido erró al concluir (1) que no procedía la toma de las deposiciones porque las personas de quienes se requerían se encontraban en Bayamón; (2) porque esas personas tenían que declarar ante dicho tribunal; (3) porque los interrogatorios "son expediciones de pesca" y algunas de las disposiciones de las Reglas de Enjuiciamiento Civil están complicando y dilatando los procedimientos judiciales, lo cual tenía el tribunal que evitar usando de su poder discrecional; y (4) que procedía prohibir la toma de las deposiciones.

---

([1]) Durante la vista celebrada en relación con las deposiciones los demandantes manifestaron por voz de su abogado que "la toma de deposiciones se hace, entre otros casos, con el fin de tachar la veracidad de los testigos en el juicio."

■■■ Dispone la Regla 26 (*a*) de las de Enjuiciamiento Civil para las Cortes de Puerto Rico que:

"Con el permiso de la corte después de haber ésta adquirido jurisdicción sobre cualquier demandado o sobre alguna propiedad que fuere objeto de la acción o sin necesidad de tal permiso después que se haya radicado y notificado una contestación, podrá tomarse el testimonio de cualquier persona, ya sea o no parte litigante, mediante deposición en forma de examen oral o de interrogatorios por escrito, con el propósito de descubrir hechos o para ser usados como evidencia en la vista del caso o para ambos fines. . . ."

Preceptúa asimismo la número 30 de dichas Reglas que:

"La parte que deseare tomar la deposición de alguna persona mediante examen oral notificará por escrito con razonable anticipación a todas las otras partes en la acción. En la notificación se hará constar la fecha y el sitio en que se tomará la deposición y el nombre y la dirección de cada una de las personas que habrán de ser examinadas, si fueren conocidos, y, si el nombre no es conocido, una descripción general que sea suficiente para identificarla o la clase o grupo particular a que dicha persona pertenezca. . . ."

La médula del recurso que está ante nos es si el tribunal a quo estuvo ajustado a derecho o no al denegar las tantas veces mencionadas deposiciones por los fundamentos que hizo constar. Según el tratadista Moore la Regla 26 (*a*) "ha sido diseñada para autorizar deposiciones bajo las mismas circunstancias y mediante los mismos métodos, ya se tomen para la consecución de evidencia a ser usada en el juicio o para el descubrimiento de prueba. El problema relacionado con las deposiciones es el mismo en ambos casos. Toda deposición para consecución de prueba a ser usada en el juicio envuelve un descubrimiento de prueba." Moore's *Federal Practice*, Vol. 4, segunda ed., sec. 26.04, pág. 1029. Dice además este tratadista a la pág. 1031, sec. 26.05, que la Regla 26 es aplicable a toda clase de acciones y que (pág. 1033) la misma "autoriza a las partes en toda acción a tomar la deposición de cualquier parte o testigo."

En *Rodríguez* v. *Corte*, 67 D.P.R. 723, 725, este Tribunal, citando del referido tratadista, manifestó que "el propósito de permitir a las partes que tomen deposiciones como cuestión de derecho solamente después de radicada la contestación, es tratar de que se concreten suficientemente las cuestiones envueltas para evitar interrogatorios innecesarios sobre cuestiones no controvertidas por la contestación." Y en *Shell Co. (P.R.) Ltd.* v. *Tribl. de Distrito*, 73 D.P.R. 451, 459, 461, dijimos, citando del caso de *Hickman* v. *Taylor*, 329 U. S. 495, 91 L. Ed. 451, que:

" 'El mecanismo para obtener deposiciones y descubrir prueba antes del juicio establecido por las Reglas 26 a la 37 es una de las más significativas innovaciones de las Reglas Federales de Procedimiento Civil. . . . Las nuevas reglas, sin embargo, restringen las alegacines a la tarea de notificar generalmente e invisten el proceso de descubrir prueba y obtener deposiciones con un papel vital en la preparación para juicio. . . . ya no es necesario celebrar en tinieblas los juicios. . . . La vía está ahora clara, consistente con los privilegios reconocidos, para que las partes obtengan antes del juicio el más completo conocimiento de los hechos y de las cuestiones envueltas.

' . . . . . . . .

'*Convenimos, desde luego, que a las reglas sobre descubrimiento de prueba y deposiciones debe dárseles una consideración amplia y liberal.*' El alcance del descubrimiento es amplio en extremo. . . . es coextensivo al alcance del descubrimiento mediante deposición bajo la Regla 26 (*b*)." (Bastardillas nuestras.)

A este mismo efecto véanse *Autoridad de Fuentes Fluviales* v. *Corte*, 66 D.P.R. 844, 850; *State of Maryland* v. *Pan-American Bus Lines, Inc.*, 1 F.R.D., 213, 215; *Spaeth* v. *Warner Bros.*, 4 F.R.S. 484, 485. Dice el tratadista Moore en su citada obra, sec. 30.06, pág. 2025, que "en vista del derecho ilimitado de descubrimiento otorgado por la Regla 26, *raras veces se presentarán situaciones en que una orden al efecto de que la deposición no sea tomada* ha de resultar apropiada. Semejante orden no debe ser dictada a menos que exista 'justa causa' (*good cause*), requiriéndose un caso convincente para que se niegue totalmente a una parte el derecho a tomar una deposición." (Bastardillas nuestras.)

 Cuando se solicitaron las deposiciones, conforme hemos indicado, ya se habían solicitado y contestado interrogatorios por una y otra parte. Ello sin embargo, no era óbice para que, en adición a tales interrogatorios, cualquiera de las partes pudiera solicitar deposiciones, siempre desde luego que el propósito de éstas no fuera tratar que los testigos repitieran en el interrogatorio oral lo que ya habían dicho en los interrogatorios escritos, o siempre que las deposiciones no se interesaran con fines impropios, de molestar o importunar a los testigos de la parte contraria. Sea ello como fuere, en nada de esto se basó el tribunal inferior para denegar las deposiciones interesadas. Su fundamento, como hemos visto, fué principalmente que no debía autorizar las deposiciones porque los testigos llamados a prestar las mismas estaban cerca del tribunal y podían venir a declarar personalmente en el juicio. Sin duda erró el tribunal recurrido al proceder como lo hizo. No hemos hallado un solo caso que nos indique que bajo la Regla 26 (a) el mero hecho de que las personas cuyas deposiciones se solicitan estén disponibles y puedan comparecer a juicio es motivo para que sus deposiciones con anterioridad al juicio no sean autorizadas. El descubrimiento de prueba mediante interrogatorios o deposiciones es amplio, y los tribunales deben actuar con liberalidad en relación con los mismos. Además, las llamadas expediciones de pesca están autorizadas por las Reglas de Enjuiciamiento Civil. *Autoridad de Fuentes Fluviales* v. *Corte*, supra; *In re Pueblo* v. *United Theaters, Inc.*, 76 D.P.R. 424, 427. En su consecuencia, el tribunal recurrido abusó de su discreción al denegar las deposiciones que se interesaban.

*Debe anularse la resolución recurrida y autorizarse la toma de las deposiciones interesadas por los demandantes.*

El Juez Asociado Sr. Negrón Fernández no intervino.

Opinión disidente emitida por el Juez Asociado Sr. Sifre.

Ha debido anularse el auto. Aunque convengo con la mayoría en que el hecho "de que las personas cuyas deposiciones

se solicitan estén disponibles y puedan comparecer a juicio", no es motivo "para que sus deposiciones con anterioridad al juicio no sean autorizadas" y a pesar de que "la antigua y venerable lamentación de 'expedición de pesca' no puede usarse para impedir a una parte inquirir en los hechos sobre los cuales su oponente basa su caso", *Hickman* v. *Taylor*, 329 U. S. 495, no fueron esas las únicas razones en que se fundó el tribunal de instancia para dictar la resolución recurrida. Se basó igualmente en que se interesaban las deposiciones *"para ver si se puede buscar la manera de tachar su veracidad* (la de ciertos testigos) *el día del juicio"*. Bastardillas nuestras. De acuerdo con la Regla 26 (*a*) y otras de las de Enjuiciamiento Civil, las deposiciones pueden tomarse "con el propósito de descubrir hechos o para ser usadas como evidencia en la vista del caso o para ambos fines", pero no simplemente con el fin de impugnar la credibilidad de los testigos, cuando declaren al verse el litigio. Desde luego, si las deposiciones se toman *para uno de los propósitos autorizados por las reglas* y los deponentes, al dar testimonio en la vista dicen algo contrario a lo expuesto en las deposiciones, éstas pueden ser utilizadas para atacar su veracidad. El Tribunal Supremo de Estados Unidos en *Hickman* v. *Taylor*, supra, explicó los fines de "Los varios instrumentos de descubrimiento", diciendo que sirven (1) "como un método, junto a la audiencia antes del juicio bajo la Regla 16, para limitar y aclarar las cuestiones básicas en controversia entre las partes", y (2) "como un método, para determinar los hechos, u obtener información en cuanto a la existencia o pormenores de los hechos, en relación con dichas cuestiones en controversia". Difícilmente podría decirse que las deposiciones en el caso de autos se interesaban para tales propósitos o para alguno de ellos.

Cuando se intentó tomar las deposiciones, ya se habían solicitado y contestado interrogatorios por ambas partes, y se habían examinado documentos, y la corte a quo indudablemente consideró, y eso lo revela su resolución, que se estaba dilatando innecesariamente la tramitación del pleito, tratán-

dose de abusar de las reglas sobre descubrimiento, para fines no autorizados por ellas. (¹)

El que "la antigua y venerable lamentación de 'expedición de pesca' ", no pueda utilizarse para privar a una parte del derecho que le conceden las Reglas de Enjuiciamiento Civil, en modo alguno significa que pueda recurrirse a las mismas para "molestar, estorbar u oprimir" a la parte contraria, *Hickman* v. *Taylor*, supra.

---

(¹) Desde luego, el hecho de que se sirvan interrogatorios y se examinen documentos *no es óbice de por sí* para que se niegue la toma de deposiciones.