Colón Birriel, Juez Ponente
*778 TEXTO COMPLETO DE LA RESOLUCION
I
Los peticionarios, demandantes en el Tribunal de Primera Instancia, Sala Superior de Humacao, nos solicitan la revisión de la orden emitida por dicho foro en sala abierta, el 24 de septiembre de 1997, mediante la cual se ordenó al peticionario Eulogio Reyes López ("Reyes López") comparecer a la toma de una deposición a tener lugar el 29 de octubre de 1997 a las 2:00 p.m. en las oficinas de la Leda. María Elena Gómez Velázquez, localizadas en la Calle Cruz Ortiz Stella Núm. 56-B en Humacao, Puerto Rico.
II
Surge de los escritos, que Reyes López, su esposa Herminia Bonilla Guzmán, la Sociedad Legal de Gananciales compuesta por éstos; Benjamín Reyes Bonilla; Juan A. Reyes Bonilla; José Reyes Bonilla; Eulogio Reyes Bonilla y Magdiel Reyes Bonilla ("los Reyes Bonilla") presentaron contra los recurridos, Samuel Reyes Bonilla, Félix Reyes Bonilla y Reyboni Corporation demanda sobre "Entredicho Provisional, Interdicto Preliminar; Interdicto Permanente, Acción Derivativa y Revocación de Donación". La propiedad donada consistió de varias cuerdas de terreno que los esposos Eulogio Reyes López y Herminia Bonilla Guzmán ("los esposos Reyes Bonilla") donaron a Reyboni Corporation, una corporación organizada y creada por sus hijos. Los Reyes Bonilla alegaron en la demanda, entre otras, lo siguiente:

",.[E]l co-demandante Sr. Eulogio Reyes López,...logró adquirir algunas propiedades inmuebles, dentro de las cuales se encuentra el siguiente bien inmueble:

"URBANA: Predio de terreno radicado en el Barrio Tejas en el término municipal de Las Piedras, Puerto Rico, con una cabida de NUEVE CUERDAS CON SEIS MIL OCHOCIENTOS NUEVE DIEZ MILESIMAS DE OTRA (9.6809 edas.) equivalente a TREINTA Y OCHO MIL CUARENTA Y NUEVE METROS CON NUEVE MIL TRESCIENTOS SESENTA Y NUEVE DIEZ MILIMETROS CUADRADOS (38,049.9369 m.c.) en lindes por el NORTE con el Estado Libre Asociado de Puerto Rico (Escuela Intermedia y Expreso Número Treinta); por el SUR, con el camino municipal; por el ESTE, con la Sucesión de Pablo Ramírez, separados por el Río Humacao y Juan Ares y por el OESTE, con varios solares segregados y el camino municipal."

La finca aludida se encuentra inscrita en el Registro de la Propiedad, al Folio Ciento Setenta y Nueve (179) del tomo Treinta y Ocho (38) de Las Piedras, finca Número Mil Cuatrocientos Setenta y Siete (1,477).
Adujeron, también, que los esposos Reyes Bonilla en unión a los demandados, Samuel Reyes Bonilla, Félix Reyes Bonilla —Reyboni Corporation— ("hijos Reyes Bonilla") forjaron la idea de desarrollar la finca en controversia en un proyecto de vivienda de bajo costo y que fuera un proyecto familiar.
Los esposos Reyes Bonilla donaron la propiedad antes descrita, mediante la Escritura Número 23 sobre Donación y Aceptación de Donación, otorgada ante el Notario Público Juan Rosa Marcano, el 6 de marzo de 1996, a su hijo el co-demandado Samuel Reyes Bonilla en representación de la también co-demandada Reyboni Corporation.
No existe controversia en cuanto a que la intención de las partes era que la donación estaba condicionada a que la mencionada corporación fuera exclusivamente familiar con la participación de todos los hijos, aun cuando dicha condición no fuera plasmada en la escritura de donación y *779 aceptación.
Alegadamente, los esposos Reyes Bonilla se enteraron que se había cambiado la intención de que la corporación fuere una familiar, con participación de todos los hijos, cuando uno de ellos toma conocimiento de que se intentaba hacer una emisión de unas acciones donde éstas se repartirían entre los esposos Reyes Bonilla, Eulogio Reyes López, la Sra. Herminia Bonilla Guzmán, los hermanos Reyes Bonilla, Samuel y Félix, dejándose fuera a los demás hermanos. Asimismo, adujeron que los hermanos Reyes Bonilla engañaron a los esposos Reyes Bonilla y que ahora los hermanos Reyes Bonilla se han quedado como dueños exclusivos de la corporación, dejando tanto a sus padres como a sus demás hermanos sin participación alguna en dicha corporación.
Por otra parte, los esposos Reyes Bonilla alegaron que, luego de transcurrido los sesenta (60) días que disponen las Reglas de Procedimiento Civil, los hermanos Reyes Bonilla solicitaron tomarle una deposición únicamente al Sr. Eulogio Reyes López. Ante esta situación, los esposos Reyes Bonilla se opusieron debido a que Reyes López tiene una condición severa del corazón y que, según su cardiólogo, el Dr. Pablo Serrano Lebrón, está sujeto a un ataque fulminante del corazón si se somete a emociones o stress.
Así las cosas, en la vista de status del 24 de septiembre de 1997, el foro de instancia ordenó la toma de la deposición, haciendo una advertencia al abogado de los hermanos Reyes Bonilla, que las preguntas se realizaran poco a poco y que no podía gritarle al anciano.
Inconformes los esposos Reyes Bonilla recurren ante este foro imputándole al Tribunal de Primera Instancia error, al no expedir la orden de protección ante el grave riesgo que puede correr la salud de Reyes López, no permitir escuchar prueba médica que pusiera en condiciones al tribunal para poder evaluar la condición de salud de éste y el no ordenar que se agotaran otros descubrimientos de pruebas contemplados por las Reglas de Procedimiento Civil.
III
El descubrimiento de prueba que autorizan las Reglas de Procedimiento Civil constituyen la reforma más notable en el ámbito de la litigación. Las reglas que permiten dicho descubrimiento se basan en el concepto básico de que antes del juicio toda parte en la litigación tiene el derecho a obtener el descubrimiento de toda la información que esté en posesión de cualquier persona. Véase Wright & Miller, Federal Practice and Procedure Civil, sec. 2001. Ya no es posible que los pleitos civiles se litiguen en la obscuridad. Hickman v. Taylor, 329 U.S. 495, 500 (1947). En verdad, las reglas del descubrimiento son la médula del esfuerzo para destruir de una vez y para siempre la deportiva teoría de la justicia. Un pleito no debe continuar siendo una batalla de talentos entre los abogados. Las partes deben poner las cartas sobre la mesa antes del juicio, ya que cualquier parte puede obligar a la otra a revelar cualesquiera hechos que tenga en su poder. Shell Co. (P.R.) Ltd. v. Tribunal de Distrito, 73 D.P.R. 451, 461 (1952); Ades v. Zalman, 115 D.P.R. 514, 516 (1984). El uso de las Reglas de Procedimiento Civil pretenden que el juicio sea menos un juego de la gallinita ciega y más una contienda justa en que los hechos sean descubiertos en la más amplia extensión posible. U.S. v. Procter & Gamble, 356 U.S. 677, 683 (1958). La justicia no es un juego, ni un deporte, sino una empresa formal a ser conducida seriamente. José Cuevas Segarra, Práctica Procesal Puertorriqueña, Procedimiento Civil, Publicaciones J.T.S., pág. 123. Con esa breve introducción entremos a la consideración del recurso.
Los mecanismos de descubrimiento de prueba pueden ser utilizados indistintamente y en cualquier orden. En Zaragoza v. Tribunal Superior, 78 D.P.R. 447, 452 (1955), nuestro Tribunal Supremo indicó que no es óbice para que en adición a interrogatorios cualesquiera de las partes puedan tomar deposiciones, siempre que el propósito de éstas no fuera tratar de que los testigos repitieran en el interrogatorio oral lo que ya habían dicho en los interrogatorios escritos, o siempre que la deposición no se interese con fines impropios, de molestar o importunar a los testigos de la parte contraria. Claro está, para que esta norma aplique debe demostrarse la existencia de justa causa.
La Regla 23.1(a) de Procedimiento Civil, 32 L.P.R.A Ap.III, R. 23.1 (a), dispone en lo pertinente que:
*780 "Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente... No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una posibilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible."
Nuestro Tribunal Supremo, en Ades v. Zalman, supra, explicó que "hoy día se reconoce universalmente que la información poseída por cada parte no es de su exclusiva propiedad. Siendo así, mediante los distintos mecanismos sobre descubrimiento de prueba puede lograrse limitar las cuestiones a dilucidarse y circunscribir la presentación de evidencia durante el juicio a aquellas en controversia u obtener evidencia adicional o información que sirva de guía para encontrarla. Por lo tanto, el derecho al descubrimiento de prueba es uno amplio y liberal. No obstante, admite justificadas excepciones. Por ejemplo, materia privilegiada. Por esto, el Tribunal Supremo en este caso expresó que la orden para que una deposición no sea tomada no debe ser dictada a menos que exista justa causa, requiriéndose un caso convincente para que se niegue totalmente a una parte el derecho a tomar una deposición". (Enfasis suplido).
Lo que constituye justa causa varía de caso a caso y depende de los intereses encontrados específicos en cada situación. Rodríguez v. Scotiabank de P.R., 113 D.P.R._ (1982). Así también, en la jurisdicción federal, la regla exige que el promovente de la orden protectora demuestre justa causa para su solicitud. Isaac v. Shell Oil Co., 83 F.R.D. 428, 431 (1979).
De otra parte, la Regla 23.2 de Procedimiento Civil, L.P.R.A. Ap.II, R.23.2, regula las órdenes protectoras y en lo pertinente dispone:

"A solicitud de parte o de la persona en relación con la cual se utiliza el descubrimiento, y por justa causa, el tribunal podrá emitir cualquier orden que se requiera en justicia para proteger a dicha parte o persona de hostigamiento, perturbación u opresión, así como de cualquier gasto o molestia indebida. La orden del tribunal podrá incluir una o más de las siguientes medidas.

(a)...

(b)que el descubrimiento se realice de conformidad con los términos y condiciones que se dispongan, incluyendo la designación de fecha y sitio;

(c)...

(d)...

(e)...

(f)-

(g)-

(h)...

Si la moción solicitando una orden protectora es denegada en todo o en parte, el tribunal podrá, bajo aquellos términos y condiciones que sean justos, ordenar que el solicitante provea o permita el descubrimiento así interesado. Las disposiciones de la Regla 34 serán de aplicación en lo concerniente a la concesión de gastos y honorarias en relación con dicha moción."

Las órdenes protectoras no son favorecidas por los tribunales. El promovente de ellas tiene un pesado fardo para su obtención. José Cuevas Segarra, Práctica Procesal Puertorriqueña Procedimiento Civil, Publicaciones J.T.S., pág. 132. La forma correcta para intentar evitar un descubrimiento de prueba que se considere inapropiado es a través del trámite de una orden protectora y no rehusándose a deponer. Al Barnett & Sons Inc. v. Outboard Marine Corp., 611 F. 2nd 32, 36 (1979).
*781 En el ejercicio de su discreción, el tribunal tomará en consideración factores tales como la complejidad de las controversias planteadas, la multiplicidad de las partes, las cuantías reclamadas, las actitudes de las partes y sus abogados, y la urgencia del remedio solicitado. Por tanto, el tribunal tiene amplia discreción a la hora de conceder una orden de protección que estime pertinente y con la ayuda de las partes tendría que diseñar el procedimiento adecuado para cada caso en particular, velando siempre por el cumplimiento de la finalidad de las Reglas de Procedimiento Civil: tramitación justa, rápida y económica del proceso judicial. Vellón v. Squibb Mfg., Inc., 117 D.P.R. 838 (1986).
Por otro lado, es importante recordar que, en su acepción jurídica, el concepto discreción, "necesariamente ha de nutrirse de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna. Como fuente integral del proceso de decisión que contribuye a dar sentido a la ley y a concretar en la realidad derechos individuales y colectivos, el uso por excelencia de un poder discrecional, intenta establecer un balance moral entre dos polos opuestos en que se debaten algunas controversias humanas: el bien y el mal; la juricidad y la violencia; la legalidad aparente y la ventaja indebida; lo prudente y lo irrazonable; la paridad y la desigualdad; lo espiritual y lo material; lo racional y lo pasional; y la opresión y la libertad". Ex Policía Juan Vicente Frau v. Policía de Puerto Rico, _ D.P.R. _, 96 J.T.S. 148; Santa Aponte v. Srio. del Senado, 105 D.P.R. 750, 770.
IV
Conforme a las Reglas de Procedimiento Civil, mencionadas, y a la jurisprudencia expuesta entendemos que el Tribunal de Primera Instancia no abusó de su discreción al no otorgar la orden de protección solicitada por Reyes Bonilla. No podemos pasar por alto que éste fue uno de los promoventes de la acción en el tribunal, por lo que debió saber o le hubieran hecho saber, a lo que estaba expuesto si quería prevalecer en su razón de pedir. Presumimos que es él el que tiene la mayor información sobre la donación y las causas que la motivaron.
Entendemos que bajo los hechos del presente caso no hay justa causa para que este Tribunal dicte una orden de protección. Por otro lado, instancia tomó medidas de precaución al advertir al abogado de los hermanos Reyes Bonilla de que las preguntas a serle formuladas al Sr. Eulogio Reyes López durante la deposición, debían ser poco a poco y no gritarle. Entendemos prudente y razonable dicha determinación. Sugerimos, en adición, que de antemano la representación legal de Reyes López le notifique al Dr. Pablo Serrano Lebrón médico de Reyes López con oficinas en el pueblo de Humacao, pueblo donde se va a llevar a cabo la toma de la deposición, o a cualquier otro facultativo de su selección, sobre la toma de ésta, de forma tal que se esté prevenido de antemano, de ocurrir cualquier eventualidad durante la toma que pueda afectar la alegada condición cardíaca severa de Reyes Bonilla.
Anticipamos, por último, que la representación legal de los esposos Reyes Bonilla, será cauteloso, cuidadoso y respetuoso al realizar el interrogatorio oral a Reyes López, de forma tal de evitar un percance que pueda perjudicar u agravar el alegado estado de salud de éste.
Por tanto, se deniega la expedición del auto de certiorari solicitado y confirmamos el dictamen del Tribunal de Primera Instancia.
Notífiquese vía facsímil y por la vía ordinaria.
Lo pronunció el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General