# 96 DTA 66

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE CAGUAS, HUMACAO Y GUAYAMA

POPULAR LEASING & RENTAL, INC.
Demandante-Recurrido

v.

JOSE M. TOUS RODRIGUEZ
Demandado-Recurrente

AUTOS VEGA
Tercero-Demandado

Núm. KLCE-95-00220

San Juan, Puerto Rico, a 30 de abril de 1996

Panel integrado por su presidente, el Juez Amadeo Murga
y los Jueces Negroni Cintrón y Rodríguez García

Rodríguez García, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Atendemos en el presente recurso una solicitud de *certiorari* presentada por el demandado-recurrente, José M. Tous Rodríguez, en el caso de epígrafe (en adelante, *"Tous"*). Esta persona nos solicita que revoquemos una orden dictada por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de San Juan, por considerarla opresiva e injusta. La acción que origina la demanda fue presentada por Popular Leasing and Rental, Inc. (en adelante *"Popular Leasing"*), el día 28 de septiembre de 1992 en el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de San Juan, y en ella se alega que Tous incumplió con los términos y condiciones de un contrato de arrendamiento financiero o *"lease"* de un vehículo de motor, otorgado el día 10 de marzo de 1990 entre este señor y Popular Leasing. Se reclama la suma de $10,957.62, más los créditos accesorios que usualmente se imponen, si proceden, bajo la Regla 44 de las de Procedimiento Civil, 32 L.P.R.A., Ap. II, R.44.

Examinados los hechos y el Derecho pertinente a esta controversia, expedimos el auto,

modificamos la Orden emitida por el Tribunal de Instancia y así modificada se confirma.

## I

La Orden que se nos pide revisar fue emitida el día 8 de marzo de 1995 y diligenciada el día 2 de abril de 1995. En la misma se ordena que Tous comparezca a una toma de deposición bajo la Regla 51.4 de las de Procedimiento Civil, *supra*, sobre descubrimiento de información o prueba dirigida a lograr la ejecución de una sentencia.

Se le ordena además, que lleve consigo ese día, so pena de desacato, los siguientes documentos: estados bancarios y de compañías de inversiones de los últimos seis (6) meses, incluyendo, pero no limitándose a cuentas corrientes, cuentas de ahorros, certificados de ahorro y cualquier otro documento análogo, certificados de acciones que posea, copia de patentes municipales, planillas de contribución sobre ingresos para los últimos cinco (5) años, estado de situación y de ganancias y pérdidas al 31 de diciembre de 1994.

También se le solicita que lleve consigo, copia de escrituras y/o documentos legales que le acrediten como propietario de bienes muebles e inmuebles dentro y fuera de Puerto Rico, incluyendo sin limitación, vehículos de motor, todo tipo de pagaré y bonos, copia de todo documento que acredite las reclamaciones judiciales que se encuentren radicados ante los tribunales de Puerto Rico en los cuales la parte demandada figure como demandante o demandado.

Impone la referida orden, que todos estos documentos deben estar certificados o jurados ante Notario Público. En adición se le prohíbe a Tous, enajenar o gravar o disponer de todo bien mueble o inmueble que posea hasta tanto comparezca al tribunal a obtener el relevo de esta Orden y haciendo reserva de fondos o haberes para satisfacer la sentencia dictada. Finalmente se le apercibe a Tous, que *"de no comparecer a deponer en el día, hora y lugar antes indicado o cumplir con la prohibición dispuesta, incurrirá en desacato civil y criminal, conducta que podrá ser castigada con pena de cárcel fija por lo que deberá prepararse para su defensa."* En su escrito de Petición de *Certiorari*, la parte demandada plantea cuatro errores, que denomina *"controversias"*, a saber;

*"**Primero**, si una orden bajo la Regla 51.4 de Procedimiento Civil, que exige, entre otras cosas, la producción de documentos de carácter privilegiado, como son la copia de patentes municipales, planillas de contribución sobre bienes muebles y contribución sobre ingresos para los últimos (5) cinco años, al examinarla a la luz de la Regla 23.1 de Procedimiento Civil, y de la doctrina aplicable, resulta ser prueba privilegiada e inconstitucional.*

***Segundo**, si una confusa orden, bajo la Regla 51.4 de Procedimiento Civil, que exige la producción de un sinnúmero de documentos de hasta cinco años hacia atrás, es excesivamente amplia, ambigua, impertinente, causa perturbación, opresión, y gastos innecesarios al demandado, y constituye, por ende, un abuso de discreción del Honorable Tribunal de Distrito.*

***Tercero**, si procede en una orden bajo la Regla 51.4 de Procedimiento Civil, la producción de todo documento que acredite las reclamaciones judiciales que se encuentren radicadas ante los tribunales de Puerto Rico en los cuales la parte demandada figure como demandante o demandado, sin especificar ni justificar su pertinencia y sin tomar en consideración los gastos de reproducción, y el hecho delicado de que uno de los abogados del caso de epígrafe es también abogado de la parte contraria en uno de los casos aludidos.*

***Cuarto**, si una orden para someter al demandado quien es a su vez abogado/notario a una deposición bajo las Reglas 51.4 y 27 de Procedimiento Civil, llevando consigo los documentos que se citan en las controversias anteriores, constituye una opresión, hostigamiento y perturbación a la parte demandada, que contradice los postulados de los Cánones de Etica Profesional, dadas las circunstancias de que el abogado del demandante, que confeccionó la orden para la firma del juez, fue compañero de estudios de Derecho del demandado, por lo que se puede anticipar que la toma de deposición podrá producir una situación de fricción y malestar altamente desagradable, ya que se puede percibir del tono y contenido de la propia orden, un ánimo de confrontación, vengativo y opresor; cuando existe la alternativa de obtener la información necesaria por vía de un interrogatorio."*

Popular Leasing, alega en su Oposición a la Petición de *Certiorari*, que los documentos e información solicitados en la Orden *"ayudarían a indagar y constatar sobre sus finanzas y haberes en general, de modo tal que ante el incumplimiento del demandado-peticionario a la Sentencia dictada, se pudiera ejecutar y hacer efectiva la misma sobre bienes del demandado-peticionario".*

## II

Como parte de los mecanismos para la ejecución de la sentencia contenidos en la Regla 51 de las de Procedimiento Civil, *supra*, se provee en la Regla 51.4, un procedimiento suplementario que permite al acreedor declarado tal por una sentencia, deponer al deudor o deudores mediante una deposición personal, o a través de preguntas sometidas por escrito. La referida Regla 51.4 dispone:

*"El acreedor declarado tal por la sentencia, o su cesionario, podrá en auxilio de la sentencia o de su ejecución, interrogar a cualquier persona, incluyendo al deudor declarado tal en la sentencia, de acuerdo con lo dispuesto en estas reglas para la toma de deposiciones. Si la deposición fuere mediante preguntas escritas, la citación para la toma de la deposición podrá disponer que no es necesaria la comparecencia personal del deudor o deponente en virtud de la citación, siempre que con anterioridad a la fecha fijada para la toma de la deposición, éste haga entrega al acreedor por la sentencia o a su abogado de sus contestaciones juradas a las preguntas escritas que se le hubieren notificado. El tribunal podrá dictar cualquier orden que considere justa y necesaria para la ejecución de una sentencia."*

La Regla 23.1 de las de Procedimiento Civil, ■ *supra*, en su inciso (a), dispone sobre el alcance en general del descubrimiento de prueba. Este tiene dos limitaciones: primero, que el descubrimiento tiene que estar dirigido a materia pertinente al asunto en controversia y segundo, que no puede tratarse de materia privilegiada. El término privilegio se ha definido como aquellos que reconocen las Reglas de Evidencia; mientras que no se ha limitado la pertinencia a las controversias del caso, sino que se ha extendido a cualquier asunto que tenga relación con la materia objeto del pleito. *Rivera Alejandro v. Algarín*, 112 D.P.R. 830, 833 (1982).

El descubrimiento de prueba debe ser uno amplio y liberal. *Rivera Alejandro v. Algarín, supra; Shell Co. P.R. LTD v. Tribl. de Distrito,* 73 D.P.R. 451 (1952); *Zaragoza v. Tribl. Superior,* 78 D.P.R. 447 (1955). Sin embargo, no es ilimitado este derecho. El Tribunal Supremo, ha dicho que *"[e]l esquema general adoptado por las Reglas de Procedimiento Civil de 1979 fue dejar en las manos de los abogados el trámite del descubrimiento de prueba; así se fomenta una mayor flexibilidad y cooperación entre ellos en esta crucial etapa del procedimiento judicial. Esto no significa, sin embargo, que el tribunal tenga que cruzarse de brazos y esperar que una o ambas partes acudan a él y entonces intervenir y encauzar estos trámites". Lluch v. España Service Sta.,* 117 D.P.R. 714 (1986).

El Tribunal puede emitir órdenes protectoras a solicitud de una parte o persona y por justa causa, *"para proteger a dicha parte o persona de hostigamiento, perturbación u opresión, así como de cualquier gasto o molestia indebida".* Regla 23.2 de las de Procedimiento Civil, *supra; Ortiz Rivera v. E.L.A.*, **89 JTS 110,** Vol. XIII, p. 7296; *Medina Morales v. Merck, Sharp & Dohme,* **94 JTS 52**, Vol. XVII, p. 11787-88.

Ante los hechos que presenta este caso es pertinente hacer una analogía con los casos de *General Electric v. Concessionaires, Inc.,* 118 D.P.R. 32 (1986); *Rodríguez v. Scotiabank de PR,* 113 D.P.R. 210 (1982) y *Albright v. Dávila,* 105 D P.R. 77 (1976). En este último, la co-demandada peticionaria First Federal Savings and Loan Association solicitó tener acceso a las planillas de contribución sobre ingreso de todos los demandantes de un año en específico. El tribunal de instancia le denegó la petición porque la información solicitada era de carácter privilegiado. Por esto, la co-demandada peticionaria recurre en *certiorari* al Tribunal Supremo, quien revoca la orden emitida por el tribunal de instancia.

Sin embargo, en este caso el Tribunal Supremo no resolvió si las planillas eran materia privilegiada. Sólo se limitó a decir que *"[d]ado el resultado a que llegaremos, el que no requiere que se muestren las planillas de los demandantes a la recurrente, no es necesario resolver ahora si las planillas de contribución sobre ingresos constituyen materia privilegiada dentro de los hechos de este caso".*

En *Rodríguez v. Scotiabank de PR, supra,* el Sr. Rodríguez demandó a Scotiabank en cobro de dinero por concepto de un certificado de depósito al portador. La parte demandada, solicitó al Tribunal de Instancia autorización para obtener copia de las planillas de contribución del Sr. Rodríguez. Ante la negativa del Tribunal, Scotiabank recurre en alzada al Tribunal Supremo quien deniega la petición de *certiorari.* Por ello, Scotiabank solicita reconsideración y se limita a pedir que el Secretario de Hacienda acredite si el Sr. Rodríguez incluyó en su planilla partida alguna sobre el pagaré reclamado.

En este caso, el Tribunal Supremo autoriza y ordena la certificación del Secretario de Hacienda. Pero antes de concluir, en las páginas 216-17, expone que *"[l]a determinación de que la información que aquí se solicita es pertinente y no privilegiada no significa que las planillas de contribuciones en Puerto Rico puedan ser objeto de descubrimiento indiscriminado. **Aunque exista la requerida pertinencia, el derecho a la intimidad que nuestra Constitución reconoce, exige que se proteja al promovido,*** en palabras de la Regla 23.2 de Procedimiento Civil, **contra la opresión, el hostigamiento, la perturbación, las molestias o los gastos indebidos. Sólo se debe hacer disponible la información estrictamente pertinente.** El método de descubrimiento puede alterarse. Aun puede prohibirse el descubrimiento cuando los fines de la justicia claramente lo requieran. **La acción a tomar dependerá necesariamente de las circunstancias particulares de cada caso".** (Enfasis nuestro)

En *General Electric v. Concessionaires. Inc., supra,* se plantea la controversia de si en una acción en cobro de dinero donde no se ha puesto en controversia la condición económica de la parte demandada es pertinente y procede el descubrimiento de prueba sobre dicha condición. Aquí, en la página 41, se establece que *"[e]n acciones de cobro de dinero se ha negado el descubrimiento de prueba relacionado con información sobre las transacciones económicas del deudor con terceros cuando esa información no es pertinente o no está relacionada con la causa de acción".*

### III

El primer error señalado, ■ plantea la cuestión del carácter privilegiado de la información requerida. La segunda controversia versa sobre las molestias y gastos que representa la producción de todos esos documentos. Mientras que la tercera controversia, cuestiona también la pertinencia que tienen y los gastos que representa producir los documentos judiciales, donde el aquí demandado figure como parte.

Es pertinente agrupar estas tres controversias dado que están íntimamente relacionadas. Mientras que la cuarta controversia, se resuelve con el resultado al que lleguemos en las tres anteriores; sin tener que entrar a discutir el planteamiento ético. ■

Sobre el asunto del privilegio, hemos visto como la jurisprudencia ha resuelto que las planillas de ingresos de un contribuyente y su información económica no son documentos privilegiados. Pero han condicionado esta conclusión a un análisis sobre la pertinencia de la información solicitada, frente al derecho a la intimidad del promovido. Dentro del derecho a la intimidad, han recalcado la importancia de proteger a la parte investigada frente a las molestias y opresión que se le pueda causar mediante el uso de un mecanismo de descubrimiento de prueba; aunque la información solicitada sea pertinente y no se trate de materia privilegiada.

En *Albright v. Dávila, supra,* el Tribunal Supremo no resolvió si las planillas de contribución sobre ingreso son materia privilegiada. Más adelante, en *Rodríguez v. Scotiabank de PR, supra,* expresa que no son materia privilegiada. Pero a la vez hace énfasis en que hay que sopesar esto frente al derecho a la intimidad del promovido y la protección que establece la Regla 23.2 de Procedimiento Civil, *supra,* contra la opresión y demás molestias excesivas durante el descubrimiento de prueba. En *General Electric v. Concessionaires, Inc.,* se establece que se puede descubrir información económica de un deudor en un caso de cobro de dinero, si la información solicitada es pertinente.

Simplemente, se permite un descubrimiento de prueba amplio y liberal siempre que la información sea pertinente y no tenga carácter privilegiado. Pero a la vez, el Tribunal podrá intervenir con el descubrimiento para proteger a una parte contra hostigamiento, perturbación, opresión, gasto, o molestia indebido. También, como vimos, el método de descubrimiento puede variarse y hasta prohibirse cuando los fines de la justicia lo ameriten, lo cual dependerá de los hechos específicos de

cada caso.

Por tanto, la jurisprudencia entrelaza los conceptos de pertinencia y privilegio de manera tal que un análisis integrado de ambos es necesario para determinar, como en este caso, si la información solicitada debe ser revelada. En este caso el descubrimiento, siendo posterior a la sentencia, se puede hacer al amparo de la Regla 51.4 de las de Procedimiento Civil, *supra*. El propósito de este descubrimiento es obtener información que ayude en la ejecución de la sentencia.

En este caso, tenemos que poner en una balanza el hecho de si la información solicitada es pertinente y no es privilegiada frente a la opresión, perturbación, hostigamiento, molestias y gastos que pueda representar para Tous producir la información solicitada. Por esta razón es que modificamos, la orden de la cual se recurre ante nosotros, de manera que se protejan los derechos de ambas partes.

En situaciones como esta, donde lo que se pretende es asegurar la efectividad de la sentencia, las Reglas de Procedimiento Civil, *supra*, específicamente, la Regla 56 proveen un mecanismo para ello. De manera que la parte que prevaleció en Corte, no queda desprotegida con una sentencia a su favor, que no puede ejecutar. De hecho, el Tribunal de Instancia, de acuerdo con las disposiciones de la referida regla, en la Orden de la que se recurre, prohibió a Tous enajenar, gravar o disponer de todo bien mueble o inmueble hasta que obtuviese un relevo de esta Orden. Además, se le ordena hacer reserva de fondos o haberes para satisfacer la sentencia dictada.

El esfuerzo de Popular Leasing debe ir dirigido a conocer cuáles son los bienes del demandado sean éstos muebles o inmuebles y su paradero. Para que pueda cobrar su acreencia es pertinente toda la información dirigida a probar la existencia de bienes en el patrimonio de Tous.

Por los fundamentos aquí expresados se expide el auto de *certiorari* solicitado y se modifica la Orden dictada por el tribunal de instancia en 8 de marzo de 1995 para que se proceda al descubrimiento en la siguiente forma:

**Primero**, el demandado Tous entregará las planillas de contribución sobre ingreso, al Juez de Instancia que tenga a su cargo el caso correspondiente, a los años 1990, 1991, 1992, 1993, 1994 y 1995. Todas las planillas deberán ser certificadas por el Secretario de Hacienda o su legítimo representante.

El Juez examinará dichas planillas para proteger del escrutinio cualquier información que no tenga pertinencia alguna con la posible ejecución de la sentencia, o que a su juicio resulte ser materia confidencial. Se permitirá a los abogados de la parte demandante examinar las mismas en la oficina del Juez o en el lugar que éste designe, presente el abogado de Tous. No se proveerán fotocopias de las planillas a los abogados de la parte demandante.

**Segundo**, el demandado deberá comparecer a la toma de deposición en el lugar que se le cite, llevando consigo los documentos y la información que aquí se señala.

**Tercero**, el demandado proveerá el estado de situación más reciente al 31 de diciembre de 1995.

**Cuarto**, el demandado deberá proveer el estado de ganancias y pérdidas solicitado, al 31 de diciembre de 1995.

**Quinto,** queda en efecto la prohibición de enajenar propiedad alguna en fraude de acreedores según lo establece el Artículo 1249 del Código Civil de Puerto Rico L.P.R.A. sec. 3498 y la Regla 56.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III R 56.1, sin prestación de fianza por solicitarse la medida después de sentencia.

Se exceptúa de esta prohibición, la enajenación de propiedades o fondos para cubrir los gastos necesarios, razonables e incidentales para su manutención y la de su familia, así como los gastos necesarios, razonables e incidentales para la práctica de su profesión u oficio.

**Sexto**, el demandado producirá en la deposición los estados bancarios y de companías de inversiones de los últimos seis (6) meses incluyendo, pero no limitándose a, cuentas corrientes cuentas de ahorro, certificados de ahorros y cualquier documento análogo, certificados de acciones que posea, copia de patentes municipales. Además, copia de escrituras y/o documentos legales que le acrediten como propietario de bienes muebles e inmuebles dentro y fuera de Puerto Rico, incluyendo sin limitación licencias de vehículos de motor, todo tipo de pagaré y bonos.

El deudor Tous no tiene que proveer una relación de los casos en que figure como demandado o demandante en los tribunales de Puerto Rico. El acreedor realizará a través de sus agentes, las gestiones para obtener dicha información, en los libros de registros de los tribunales, si así lo desea.

Notifíquese por la vía ordinaria.

Sonia Pacheco Román
Secretaria General

## ESCOLIOS 96 DTA 66

**1.** El Tribunal Supremo ha enfatizado que los jueces deben ser cautelosos antes de firmar borradores de opiniones o determinaciones de hecho suministradas por el abogado de una de las partes. *Oliveros v. Abréu*, 101 D. P. R. 209 (1973); *Malavé v. Hosp. de la Concepción*, 100 D.P.R. 55 (1971).

**2.** *"El alcance del descubrimiento de prueba, a menos que sea limitado de algún modo por el tribunal, de conformidad con las disposiciones de estas reglas, será como sigue:*

*(a) En general. Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluyendo la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible."*

**3.** La parte demandada-recurrente denomina como controversias los errores que imputa al tribunal de instancia. Es más sencillo llamar las cosas por su verdadero nombre. En el nivel apelativo atendemos los errores señalados. Las *"controversias"* las dilucida instancia y de su resolución se acude a este Tribunal.

**4.** El hecho de que una persona sea un abogado y sea demandado y sujeto a presiones por un antiguo compañero de aulas en una forma correcta, no imputa al abogado del demandante conducta anti-ética. El Canon 18 del Código de Etica Profesional impone al abogado de la parte demandante la obligación de defender los intereses de su cliente diligentemente.

**5.** *"En todo pleito antes o después de sentencia, por moción del reclamante, el tribunal podrá dictar cualquier orden provisional que sea necesaria para asegurar la efectividad de la sentencia. El tribunal podrá conceder el embargo, el embargo de fondos en posesión de un tercero, la prohibición de enajenar, la reclamación y entrega de bienes muebles, la sindicatura, una orden para hacer o desistir de hacer cualesquiera actos específicos, o podrá ordenar cualquiera otra medida que estime apropiada, según las circunstancias del caso. En todo caso en que se solicite un remedio provisional, el tribunal considerará los intereses de todas las partes y dispondrá según requiera la justicia sustancial."*