Brau Ramírez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
I
La parte peticionaria, Squibb Manufacturing, Inc. ("Squibb") recurre de una orden emitida el 13 de mayo de 1998 por el Tribunal de Primera Instancia, Sala Superior de Humacao, en los procedimientos consolidados de epígrafe por despido ilegal y reclamación de salarios presentados contra Squibb por veinte (20) de sus ex-empleados, quienes resultan ser los recurridos en el presente recurso. Mediante el dictamen en cuestión, el Tribunal ordenó a Squibb contestar de forma completa y responsiva ciertos interrogatorios sometidos por los recurridos, denegando el planteamiento de la primera de que el descubrimiento se contestara haciendo disponible a los recurridos los documentos pertinentes, conforme lo permite la Regla 30.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 30.3.
Denegamos.
II
Según se desprende del recurso, Squibb es una entidad corporativa, dedicada a la manufactura y venta de productos de farmacia que operaba una planta en Humacao, Puerto Rico. Los recurridos *672 trabajaron para Squibb en distintas capacidades hasta que fueron despedidos, como parte de una reorganización llevada a cabo por Squibb y el traslado de parte de sus operaciones a los Estados Unidos.
El 6 de junio de 1997, trece (13) de los recurridos instaron el caso HPE-97-0051 contra Squibb ante el Tribunal de Primera Instancia reclamando el pago de mesada y de salarios dejados de percibir por distintos conceptos. Invocaron el procedimiento sumario establecido por la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. sees. 3118 y ss. Squibb contestó la querella, negando las alegaciones. Entre otras defensas afirmativas, planteó que los recurridos habían firmado un relevo de responsabilidad y que la acción estaba prescrita.
Posteriormente, el 8 de octubre de 1997, otros siete (7) ex-empleados de Squibb presentaron una reclamación similar ante el Tribunal de Primera Instancia en el caso HPE-97-0122. Squibb también negó su responsabilidad en dicho caso y levantó defensas afirmativas similares a las que había presentado en el caso anterior.
Oportunamente, los casos fueron consolidados.
Entre otros incidentes, los querellantes en el caso HPE-97-0122 notificaron a Squibb un pliego de interrogatorios. Squibb notificó una contestación al mismo. Insatisfechos con algunas de las contestaciones, los recurridos presentaron una moción ante el Tribunal de Primera Instancia objetando la contestación de Squibb y solicitando del Tribunal que se ordenara a dicha parte contestar adecuadamente las preguntas. Squibb se opuso.
Los interrogatorios objetados eran los siguientes:

“Interrogatorio Número 4: Sobre Bristol Meyers Squibb, Mfg., Inc.:

a. indique su nombre corporativo correcto.

b. número de certificado de incorporación en el Departamento de Estado;

d. nombre del agente residente.

g. someta copia del certificado de incorporación.

Contestación: Se aclara que el nombre correcto de la demandada es Squibb Manufacturing, Inc. Se objeta el interrogatorio número 4 por solicitar información irrelevante e impertinente a esta reclamación. Asimismo, el descubrimiento de la información solicitada, además de solicitar información que consta en los archivos públicos del Departamento de Estado, no conducirá al descubrimiento de información pertinente.

Objeción: Contestación no es responsiva. Se omite la información solicitada que obra en poder de la querellada y que es pertinente en la medida en que los oficiales y accionistas de dicha corporación le responden por igual a los querellantes.

Interrogatorio Número 6: Someta copia de los contratos si los mismos fueron por escrito.

Contestación: Los mismos se encuentran en los expedientes de personal de los querellados. Estos estarán disponibles en las oficinas de nuestros abogados para su inspección. Los mismos no se acompañan ya que son muy voluminosos. Favor de hacer una cita previa con nuestros representantes legales para que se los puedan mostrar, comunicando su intención de examinarlos con por lo menos cinco días laborales de antelación.

*673
Objeción: Basta con enviar copia de dichos contratos lo cual no le impone carga onerosa alguna al patrono, por lo regular se trata de contratos de una sola página.

Interrogatorio Número 7: Sifué un contrato verbal, indique los términos del contrato.

Contestación: Los Querellantes firmaron contrato de empleo probatorio. Al aprobar este período se convirtieron en empleados regulares a tiempo indefinido. Véase contestación a interrogatorios número 5 y 6.

Objeción: La contestación no es responsiva en la medida en que no se indican los términos del contrato ni se acompaña copia de los mismos.

Interrogatorio Número 18: De contestar afirmativamente la anterior, diga: a. ¿en qué fecha cierta se le entregó copia a los querellantes, b. si las reglas o reglamento de la querellada están posteadas en algún sitio visible de la empresa y desde cuándo lo están, c. si la querellada le entrega a sus empleados copia del reglamento al iniciar éstos sus empleos para que lo guarden consigo?

Contestación: a. Surge de los expedientes de personal, véase contestación a pregunta número 6; b. Sí.; c. Sí.

Objeción: La contestación no es responsiva. No se indica la fecha en que se les entregó la copia a los querellantes ni desde cuando están las reglas y reglamentos posteadas en algún sitio visible de la empresa. Se nos refiere a unos expedientes de personal que no están en nuestro poder por lo que no podemos obtener la información.

Interrogatorio Número 19: Con respecto al salario devengado por los querellantes mientras prestaron servicios para la querellada, indique: a. ¿con qué salario comenzaron a trabajar, b. si en alguna ocasión recibieron aumento de sueldo indique la fecha, cantidad y razón de aumento?

Contestación: Véase historial de salario que se incluye como Anejo C.

Objeción: La contestación no es responsiva. Se nos refiere a un Anejo C donde no se indica la razón del aumento.

Interrogatorio Número 22: En el párrafo 11 de su contestación a la querella usted niega que los querellantes nunca autorizaron al patrono a reducir el período de tomar alimentos. Someta copia fiel y exacta de las autorizaciones firmadas por los querellantes.

Contestación: Surge de los expedientes de personal, véase contestación a pregunta número 6.

Objeción: La contestación no es responsiva, no provee evidencia solicitada ni los expedientes de personal a que se hace referencia. Nos refiere a que hagamos una cita para revisar los expedientes de personal cuando todo lo que se solicita es que se nos provea copia de la hoja en que cada querellante alegadamente autorizó a la querellada a reducir su período de alimentos.

Interrogatorio Número 23: En su defensa afirmativa número 8 usted alega que las reclamaciones están prescritas en todo o en parte. Someta toda la evidencia que obre en su poder que sustente esta alegación.

Contestación: No soy abogado y esta pregunta se relaciona con las teorías de nuestros abogados, quienes fueron los que redactaron las defensas afirmativas de la contestación a la Querella. Nuestros abogados nos indican que sus teorías e impresiones mentales y las comunicaciones que han tenido con nosotros sobre las mismas están cubiertas por el privilegio abogado-cliente. Además, nos explican que aún no ha concluido el descubrimiento de prueba, por lo que estas teorías están bajo estudio.

Objeción: La contestación no es responsiva. En este caso no se provee copia de la evidencia para sustentar la defensa. No estamos solicitando que se explique la teoría sino que se muestre evidencia 
*674
que fundamente la prescripción. Las evidencias no están cubiertas por el privilegio abogado-cliente.

Interrogatorio Número 28: Someta copia fiel y exacta del relevo que los querellantes alegadamente firmaron a favor de la querellada y que usted menciona en su defensa afirmativa número 19.

Contestación: Esto surge de los expedientes de personal, véase contestación a interrogatorio número 6.

Objeción: No es responsiva. Debe la querellada someter copia de dicho relevo y no referimos a unos expedientes de personal que no tenemos, dilatando y obstruyendo indebidamente el descubrimiento de pruebas.

Interrogatorio Número 29: Someta copia de las autorizaciones del Departamento del Trabajo para reducir el período de alimentos de los querellantes y que se mencionan en la defensa afirmativa número 20.

Contestación:

Véase contestación a interrogatorio número 22.

Objeción: No es responsiva. Debe la querellada someter copia de dicho relevo y no referirnos a unos expedientes de personal. En un expediente de personal está todo el historial del empleado en cuanto a desempeño, beneficios, salarios, etc. Todo lo que queremos es copia de las autorizaciones del Departamento del Trabajo reduciendo el período de tomar alimentos de los querellantes."

El 13 de mayo de 1998, mediante la orden recurrida, el Tribunal declaró con lugar las objeciones presentadas por los recurridos y le ordenó a Squibb contestar los interrogatorios en cuestión en forma adecuada y responsiva.
Squibb solicitó reconsideración de este dictamen, la que fue denegada por el Tribunal. Insatisfecha, acudió entonces ante este foro.
III
En su recurso, Squibb plantea que el Tribunal de Primera Instancia erró al determinar que Squibb no había contestado adecuada y responsivamente los interrogatorios, a pesar de que dicha parte había puesto a la disposición de los recurridos los documentos de dónde surgía la información solicitada y al ordenarle a Squibb producir información sobre su incorporación, a pesar de ser la misma impertinente a la reclamación instada y resultar su producción onerosa para Squibb.
En general, las Reglas de Procedimiento Civil incorporan una política de amplitud en los procesos de descubrimiento de prueba. Toda parte en una litigación tiene derecho a obtener antes del juicio toda la información que esté en posesión de cualquier persona y que resulte pertinente a la adjudicación de la controversia. Véase, Cuevas Segarra, Práctica Procesal Puertorriqueña: Procedimiento Civil, Vol. II, San Juan, Publicaciones J.T.S., 1985, pág. 123.
La Regla 23.1(a) de las de Procedimiento Civil, 32 L.P.R.A., Ap. HI, R. 23.1(a) dispone, sobre este particular, que:
“Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluyendo la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que la información conduzca al descubrimiento de evidencia admisible. El precepto citado recoge el principio de que el descubrimiento de prueba debe ser amplio y liberal con sólo dos limitaciones: que la materia objeto del descubrimiento no sea privilegiada y que la misma sea pertinente al asunto en controversia en el *675 pleito." Véase, Medina Morales v. Merck, Sharp & Dohme Química de Puerto Rico, Inc., _ D.P.R. _ (1994), 94 J.T.S. 52, a la pág. 11,787.
Sobre el primero de estos requisitos, el Tribunal Supremo de Puerto Rico ha resuelto que "el término privilegiado se refiere exclusivamente a los privilegios que reconocen las reglas de evidencia". Véanse, Rivera Alejandro v. Algarín, 112 D.P.R. 830, 833 (1982), Ward v. Tribunal Superior, 101 D.P.R. 865, 866 (1974); Sierra v. Tribunal Superior, 81 D.P.R. 554, 572 (1959). En ausencia de un privilegio específico reconocido por nuestras Reglas de Evidencia o admitido por nuestro ordenamiento, no cabe sostener objeción alguna a un descubrimiento de prueba por este fundamento.
En cuanto al criterio para medir pertinencia a los fines de descubrimiento de prueba, el Tribunal ha observado que el mismo es mucho más amplio bajo la Regla 23.1 de las de Procedimiento Civil que el utilizado bajo la Regla 18 de Evidencia, a los fines de la admisión de evidencia en un proceso judicial. Véase, Ortiz Rivera v. E.L.A., National Ins. Co., 125 D.P.R. 65, 70 (1989); General Electric v. Concessionaries, Inc., 118 D.P.R. 32, 40 (1986).
Bajo este criterio se admite el descubrimiento de todos los asuntos que puedan tener cualquier relación posible con la materia que es objeto del pleito, aunque no estén relacionados con las controversias específicas que han sido esbozadas por las alegaciones. Sierra v. Tribunal Superior, 81 D.P.R. a la pág. 573. Basta que exista una posibilidad razonable de relación con el asunto en controversia. Véase, Medina Morales v. Merck, Sharp & Dohme Química de Puerto Rico, Inc., 94 J.T.S. 52, a la pág. 11,787; Rodríguez v. Scotiabank de P.R., 113 D.P.R. 210, 212-213 (1982).
Como parte del descubrimiento necesario, se ha reconocido que el método más económico, sencillo y rápido para descubrir pruebas es el de los interrogatorios escritos que pueden formularse a las partes de conformidad con la Regla 30 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 30. Véanse, Aponte Rivera v. Sears Roebuck de P.R., Inc., _ D.P.R. _ (1992), 92 J.T.S. 23, a la pág. 9,271; Sierra v. Tribunal Superior, a las págs. 561-562. El descubrimiento mediante este método también recoge el principio de amplitud y los Tribunales deben actuar con liberalidad en relación a éstos. Zaratoga v. Tribunal Superior, 78 D.P.R. 447, 452 (1955).
La Regla 31.1 de las de Procedimiento Civil, 32 L.P.R.A., Ap. Ill, R. 31.1, también autoriza que se requiera "inspeccionar, copiar o fotografiar, por o a nombre de la parte promovente, determinados documentos, papeles, libros, cuentas, cartas, fotografías, objetos o cosas tangibles, de naturaleza no privilegiada, que constituyan o contengan evidencia relacionada con cualquiera de las materias que estén dentro del alcance del examen permitido por la Regla 23.1".
La Regla 23.1(b) de las de Procedimiento Civil, 32 L.P.R.A., Ap. III, R. 23.1(b), añade, en tomo a este particular, que:
“...una parte podrá hacer descubrimiento de documentos y objetos que, con anterioridad al pleito o para el juicio, hayan sido preparados por o para otra parte,... Una parte podrá requerir de la otra una lista de los testigos que la parte solicitada intenta utilizar en el juicio, así como un resumen breve de lo que se propone declarar cada uno. Igualmente, cualquier parte podrá requerir a cualquier otra que produzca copia de todas las declaraciones de testigos en poder de dicha parte. Las Reglas autorizan que los mecanismos de descubrimiento de prueba sean utilizados de forma combinada. Véase, la Regla 23.3 de las de Procedimiento Civil, 32 L.P.R.A., Ap. III, R. 23.3. En caso de que una persona estime que los mecanismos de descubrimiento de prueba están siendo utilizados de tal forma que constituyan "hostigamiento, perturbación u opresión", o que éstos están dando lugar a gastos o molestias indebidas, puede recurrir al tribunal en solicitud de una orden protectora al amparo de la Regla 23.2 de las de Procedimiento Civil." Medina Morales v. Merck, Sharp & Dohme Química de Puerto Rico, Inc., 94 J.T.S. 52, a la pág. 11,788.
La negativa u obstaculización injustificada al proceso de descubrimiento de prueba constituye, de otro modo, temeridad que justifica la imposición de honorarios de abogado a la parte que incurre en este tipo de conducta. Miranda v. Estado Libre Asociado, _ D.P.R. _ (1994), 94 J.T.S. 152, a la pág. 527.
*676 En el caso de autos, los interrogatorios sometidos por los recurridos solicitaban cierta información relacionada a la identidad corporativa de Squibb, las defensas levantadas por dicha parte y ciertos detalles de las reclamaciones, asi como la producción de varios documentos. La contestación de Squibb en muchos de los casos fue a los efectos de que la información solicitada surgía del récord de personal de los recurridos.
En su recurso, Squibb plantea que dicho curso está autorizado por la Regla 30.3 de las de Procedimiento Civil, 32 L.P.R.A., Ap. III, R. 30.3, la que establece que:

“Cuando la contestación a un interrogatorio pueda encontrarse en los libros o documentos de la parte a la cual se le ha formulado el interrogatorio y el peso de obtener dicha contestación es sustancialmente igual para la parte interrogante que para la parte interrogada, constituye suficiente contestación a dicho interrogatorio el señalar los records, libros o documentos de los cuales la contestación puede ser obtenida y ofrecerle a la parte interrogante una oportunidad razonable para el examen, inspección o auditoría de los mismos y la preparación de copias, compilaciones o resúmenes."

La utilización de la alternativa contemplada por la Regla de producir los records, libros o documentos, en lugar de contestar el interrogatorio, depende de que el peso de ubicar la contestación en los libros pertinentes sea "sustancialmente igual para la parte interrogante que para la parte interrogada. ”
En la situación de autos, el Tribunal de Primera Instancia estimó que Squibb estaba en mejor posición de proveer lo solicitado. No estamos en posición de concluir que el Tribunal abusara de su discreción al así hacerlo, ni de sustituir el criterio de la distinguida Sala recurrida.
Lo cierto es que la propia parte peticionaria ha señalado que los records de empleo de los recurridos eran voluminosos, razón por la cual no se produjeron copias de los mismos. En su recurso, dicha parte expresa que:
"Es menester señalar que la reclamación instada por los querellantes en el caso de autos es una de horas y salarios y cubre un periodo de diez años. Existen por lo menos 520 tarjetas de ponchar por querellante y volúmenes de páginas por nómina. Los documentos solicitados y la información requerida comprenden más de 5,000 documentos. No es cierto lo alegado por los querellantes de que sólo están pidiendo unas cuantas hojas a producir y revisar. Los querellantes, en su interrogatorio solicitaron copia y o información que surge de los contratos de empleo, historial de salarios, estipulaciones, permisos para reducir período de alimentos, nóminas y tarjetas de ponchar. No se trata de unos cuantos documentos, sino de miles de documentos, todos los cuales están disponibles para ser examinados y fotocopiados por los querellantes, de así desearlo"
Hemos examinado lo requerido por los recurridos en los interrogatorios en controversia y nos parece que la caracterización realizada por Squibb de lo solicitado resulta exagerada. En efecto, lo solicitado por los recurridos consiste principalmente de documentos específicos (el certificado de incorporación de Squibb, los contratos de empleo de los recurridos, las autorizaciones, supuestamente firmadas por éstos y o emitidas por el Departamento del Trabajo, para que se les redujera la hora de tomar almuerzo, la prueba para establecer la defensa de prescripción y los relevos firmados por los recurridos) y o información particularizada el nombre correcto de Squibb, su número de certificado de incorporación, el nombre de su agente residente, la fecha en que los recurridos fueron notificados de los reglamentos de Squibb y en que dichos reglamentos fueron publicados en un tablón de edictos, la razón de los aumentos recibidos por los recurridos).
Hasta donde se desprende del récord, los documentos en cuestión constituyen, en la mayoría de los casos, formularios de una sola hoja, cuya reproducción no parece ser onerosa. La información específica solicitada consiste de datos cuya recopilación no parece onerosa pero cuya ubicación, en el voluminoso récord de los recurridos, de ordinario, requeriría familiaridad con el mismo.
A nuestro juicio, pretender que los recurridos, quienes no prepararon dichos documentos ni están *677 necesariamente familiarizados con el contenido de sus récords de empleo localicen la información solicitada es como requerirles que busquen una aguja en un pajar. Todo parece indicar que, contrario a sus protestas, la intención de Squibb es precisamente obstaculizar el descubrimiento de prueba. No vemos razón, en estas circunstancias, para intervenir con la orden recurrida.
Squibb invoca lo resuelto por el Tribunal Supremo de Puerto Rico en Concreto Mixto, Inc. v. Tribunal Superior, 90 D.P.R. 567 (1964), donde se permitió al patrono, en una reclamación similar de salarios, contestar un detallado interrogatorio mediante la producción de sus récords de nómina para inspección por los querellantes. Los hechos en dicho caso, sin embargo, son distinguibles, por cuanto la información solicitada en esa situación era más amplia y detallada que lo envuelto en el caso de autos. 
Squibb también se queja de que se le ordenara contestar un interrogatorio relacionado a la incorporación de la compañía. El criterio de pertinencia adoptado por las Reglas, según señalado, es uno que reconoce gran amplitud en tomo a lo que puede ser preguntado. Medina Morales v. Merck, Sharp & Dohme Química de Puerto Rico, Inc., 94 J.T.S. 52, a la pág. 11,787; Sierra v. Tribunal Superior, 81 D.P.R. a la pág. 573. En la situación de autos, aparentemente existe alguna confusión en tomo al verdadero nombre y o identidad corporativa de Squibb. No creemos, por lo tanto, que el Tribunal hubiera errado al ordenar la producción de la información en cuestión, la cual, de otra parte, no parece indebidamente onerosa para Squibb.
Por los fundamentos expresados, se deniega el auto solicitado.
Lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General